**DeWeese v. Calkins Media Inc.**

C.P. of Fayette County, no. 1209 of 2002.

*Geoffrey R. Johnson,* for plaintiff.
*Charles Kelly,* for defendants.
*C. Clark Hodgson Jr.* and *Jonathan F. Bloom,* for Intervenor.

LESKINEN, *J.,* February 16, 2005—Before this court is the motion to compel discovery and/or for sanctions filed by defendants on May 19, 2004. An evidentiary hearing was held on August 20, 2004, and post-hearing submissions were received by the court through October 19, 2004.

At issue is the "speech and debate clause" privilege as set forth in the Pennsylvania Constitution as it applies to the plaintiff's use of (and disclosure of his use of) the House Minority Caucus Special Leadership Account, a bank account containing public funds. Plaintiff's original complaint, and his first amended complaint, both contained defamation counts directed at the defendants'

use of the term "slush fund" as it relates to that bank account, but those counts were withdrawn, and are not contained in the plaintiff's second amended complaint filed on September 10, 2004.

The remaining pertinent allegations of the second amended complaint revolve around the allegation that plaintiff gave his word at a videotaped editorial board meeting in October 2000 that he would fully disclose all of the expenditures from that account, and subsequently "broke his word" on or before June 3, 2001, by failing to make such disclosures. It is clear from reviewing the transcript of the meeting attached to the complaint that plaintiff did not promise full disclosure of all expenditures from the account at that time, although he stated that he had "a strong hunch" that he would release details of *his own* expenditures. (There is a letter from plaintiff to defendants attached to the complaint that appears to detail $10,354.90 of plaintiff's own expenditures from January 2001 through May 2001.)

Defendants claim that plaintiff did make a promise of full disclosure at a subsequent meeting, in a subsequent phone call, and/or in subsequent correspondence. This appears to be contradicted by the June 5, 2001 publication that, according to the complaint, stated:

"In an appearance before the newspaper's editorial board last fall, DeWeese promised to release the details of his use of the leadership account."

Despite repeated formal and informal requests from this court, counsel for the defendants has refused to provide details or substantiation concerning such other alleged meetings, phone calls, or correspondence. Despite

his own refusal to provide this pertinent information, counsel for the defendants asserts that he will be unable to defend the case if he is not given details of the expenditures made from the "Special leadership account." (This is ironic, given that the alleged failure to make such disclosure is the basis of the alleged defamatory statements.) Specifically, however, counsel asserts that there are allegations remaining in the second amended complaint that can only be defended by showing details of the expenditures from the account.

At the hearing, counsel for the Pennsylvania Legislature intervened, and, independently of the plaintiff, objected to the disclosure of detailed expenditures from the special leadership accounts. A copy of House Rule 14 was received into evidence.

It is clear that plaintiff does not personally have the authority, consistent with House Rule 14, to fully disclose all of the expenditures made from the account. While Rule 14 is not a source of privilege separate from the constitutional "speech and debate clause" privilege, the rule establishes that the special leadership accounts are viewed by the entire legislature as being legitimately part of the legislative process. Under the "speech and debate clause," this court cannot require the plaintiff to disclose anything legitimately surrounding the legislative process. All this court can do is sanction the plaintiff by dismissing any portion of his claims that the defendants cannot fairly defend without the information sought.

It is also clear that the plaintiff has attempted to avoid this aspect of the dispute by voluntarily withdrawing such claims. The remaining question, therefore, is simply

whether or not the plaintiff was thorough enough in doing so. Counsel for the defendant specifically asserted that there were claims plaintiff overlooked. As a result, this court took the time to painstakingly go through all 93 paragraphs set forth in the second amended complaint, and has found that plaintiff was thorough enough. There are no claims or allegations remaining that would, in fairness, require any disclosure of the expenditures made from the special leadership account in order to defend. The issue is simply whether or not the plaintiff "broke his word," and the expenditures actually made are entirely irrelevant.

The defendants are entitled to discover any fact within the possession and control of the plaintiff, "not privileged, which is relevant to the subject matter involved in the pending action," or that is "reasonably calculated to lead to the discovery of admissible evidence." Pa. R.C.P. 4003.1. At this point, defendants have not shown that the evidence they are seeking to obtain by way of their motion falls within that rule.

The motion has already been successful for the defendants, because it did result in plaintiff voluntarily withdrawing all claims that the use of the phrase "slush fund" was defamatory. However, given that withdrawal, this court can grant no further relief.

## ORDER

And now, February 16, 2005, in accordance with the foregoing opinion, this court hereby denies defendants' motion to compel discovery and/or for sanctions which was filed on May 19, 2004.